UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Case No. 20-00716 (RJL) |
| ) | |
| DONALD TRUMP, in his official ) | |
| capacity as PRESIDENT OF THE ) | |
| UNITED STATES, *et al.*, ) | |
| ) | |
| Defendants. ) | |

ORDER ON SUPPLEMENTAL BRIEFING
(March 12, 2021)

On March 12, 2020, plaintiff American Oversight filed a complaint against the Executive Office of the President as well as former President Donald Trump and Jared Kushner in their official capacities. *See generally* Compl. [Dkt. #1]. The complaint alleges defendants established an "advisory committee" to counsel then-President Trump on "the use of his clemency power" and that the operation of that committee violated the Federal Advisory Committee Act ("FACA") and the Administrative Procedure Act ("APA"). Compl. ¶¶ 3, 98–127.

While the complaint styles its claims against Jared Kushner as against him in his official capacity as a "Senior Advisor to the President of the United States," *id.*, plaintiff clarified in its briefing that the suit "is properly understood" as against Mr. Kushner in his

1

"official capacity as the Director of the [White House] Office of American Innovation." Pl.'s Mem. of Law in Opp. to Defs.' Mot. to Dismiss ("Pl.'s Opp.") [Dkt. #17].

On June 12, 2020, defendants filed a Motion to Dismiss under Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. Defs.' Mot. to Dismiss ("Defs.' Mot.") [Dkt. #16]. That motion is fully briefed and remains pending before the Court.

Since the complaint was filed, a change in Presidential Administrations has occurred. Neither Donald Trump nor Jared Kushner currently hold the official positions in which they were originally sued. Under the normal operation of Rule 25(d) of the Federal Rules of Civil Procedure, when a "public officer who is a party in an official capacity . . . ceases to hold office while the action is pending[,] [t]he officer's successor is automatically substituted as a party." Fed. R. Civ. P. 25(d). The drafters of the Rules, however, contemplated the possibility that in certain circumstances a public officer's departure from office would render cases against them in their official capacity moot. *Id.* advisory committee's note to 1961 amendment ("Where the successor does not intend to pursue the policy of his predecessor which gave rise to the lawsuit, it will be open to him, after substitution . . . to seek to have the action dismissed as moot."); *see also Skolnick v. Parsons*, 397 F.2d 523, 525–26 (7th Cir. 1968) (holding district court lacked jurisdiction to consider claim against Presidential Commission and one of its members where Commission no longer existed and no successors to the Commission's members had been appointed).

Upon consideration of this, the entire record herein, and the Court's independent obligation to determine it retains subject-matter jurisdiction, *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006), it is hereby

**ORDERED** that plaintiff shall, within ten (10) days of this order, submit a supplemental brief, which shall not exceed fifteen (15) pages and shall be limited in scope to addressing whether the present claims are moot with respect to each defendant; it is further

**ORDERED** that defendants may, no later than seven (7) days after the day plaintiff files its brief, submit a response brief, which shall not exceed fifteen (15) pages and shall be similarly limited in scope; it is further

**ORDERED** that no replies to this supplemental briefing shall be submitted.

**SO ORDERED.**

_____
RICHARD J. LEON
United States District Judge